UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 17-55412

PHILLIP BOONE, SR.,  Chapter 7

        Debtor.  Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING THE DEBTOR'S EX-PARTE MOTION TO EXTEND TIME FOR FILING REAFFIRMATION AGREEMENT**

      This case is before the Court on the Debtor's motion entitled "Debtor's Ex-Parte Motion to Extend Time For Filing Reaffirmation Agreement" (Docket # 16, the "Motion"). The Court must deny the Motion, because the Motion does not demonstrate that any reaffirmation agreement was made before the entry of the discharge order in this case.

      The Debtor filed his voluntary petition for relief under Chapter 7 in this case on November 3, 2017. The date first set for the § 341(a) meeting of creditors was December 13, 2017 (Docket # 8). On February 13, 2018, at 11:24 a.m., the Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727 (Docket # 15). Seventeen minutes later, at 11:41 a.m. on February 13, 2018, the Debtor filed the Motion, electronically, through Debtor's attorney. The Motion seeks an order extending the deadline for filing a reaffirmation agreement between the Debtor and an unnamed creditor who holds a mortgage on the Debtor's real property (Docket # 16).

      The deadline to file a reaffirmation agreement is established by Fed. R. Bankr. P. 4008(a) — the deadline is "no later than 60 days after the date first set for the meeting of creditors under

§ 341(a) of the Code." In this case, the deadline was February 12, 2018.[1] Rule 4008(a) also provides that the Court may, "at any time and in its discretion," extend this deadline.

But in this case, it would serve no purpose for the Court to grant the Motion and extend the deadline. Because the discharge was granted on February 13, 2018, before the Motion was filed, it is now too late for the Debtor and the creditor to make an enforceable reaffirmation agreement. *See* 11 U.S.C. § 524(c)(1) (in order to be enforceable, a reaffirmation agreement must be "made before the granting of the discharge under section 727 . . ..")

The facts stated in Paragraphs 3 and 4 of the Motion indicate that the Debtor and the creditor did not make a reaffirmation agreement before the Discharge Order was entered on February 13, 2018.[2] A reaffirmation must be in writing and signed by both the creditor and the debtor before it can be deemed to be made. *See In re Jenerette*, 558 B.R. 189, 190-91 (Bankr. E.D. Mich. 2016). The Motion indicates that although the Debtor signed a reaffirmation agreement on February 5, 2018, the creditor did not sign it before the Debtor was granted a discharge under § 727. The Motion therefore fails to demonstrate that there can be an enforceable reaffirmation agreement between these parties in this case.

For these reasons, the Court will deny the Motion.

Accordingly,

IT IS ORDERED that the Motion (Docket # 16), is denied.

---

[1] Sixty days after the first date set for the meeting of creditors was Sunday, February 11, 2018. So the deadline to file any reaffirmation agreement was Monday, February 12, 2018. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

[2] Paragraph 4 of the Motion states: "An electronic copy of the reaffirmation agreement was sent to the creditor's attorney on February 12, 2018 via email, but the original reaffirmation agreement was not mailed in time for the creditor to receive it for filing with the court." (Mot. at ¶ 4.)

**Signed on February 14, 2018**    /s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge